## LEWIS WESTBROOK VS. THE STATE.

1. CRIMINAL LAW. *Statutory offense. Indictment and verdict. Code of 1871, § 2552.*

The indictment against W. charged him with "feloniously aiding and assisting in the escape of a prisoner confined in jail for a felony." The jury found the following verdict: "We, the jury, on our oaths, do find the defendant guilty of negligently permitting the escape of the convict named in the indictment, but not guilty of feloniously aiding or assisting him to escape." *Held,* that the verdict of the jury acquitted the accused of the offense for which he was charged in the indictment, and found him guilty of an offense for which he was not indicted, and no judgment of sentence could be legally rendered against him.

ERROR to the Circuit Court of *Jackson* County.

Hon. G. C. CHANDLER, Judge.

All the facts in the case necessary to a full understanding of the principles announced are set out in the opinion of the court, together with the errors assigned.

*J. B. Harris* and *Harris & George*, for plaintiff in error:

Filed a written argument on the facts, and argued the case orally.

*G. E. Harris*, Attorney General:

Filed a written argument, citing and commenting on the Code.

TARBELL, J., delivered the opinion of the court.

The plaintiff in error was indicted by the grand jury of the county of Jackson for aiding and assisting a prisoner in the jail of that county to escape. In fact Westbrook was jailor, but he is charged only by his name, as aiding and assisting in the escape, and not as an officer, for negligence. On the trial evidence was offered to show the official character of the plaintiff in error, to which he objected, but his objection was overruled. The verdict is in these words: "We, the jury, on our oaths, do find the defendant guilty of negligently permitting the escape of the convict named in the indictment, but not guilty of feloniously aiding or assisting him to escape."

There was a motion in arrest of judgment and for a new trial, which was overruled, and the accused was sentenced to two years in the penitentiary.

Errors are assigned as follows: In sentencing the prisoner to the penitentiary upon the verdict; in not discharging the prisoner upon the verdict in the case; in granting the instructions asked by the state; in overruling defendant's objections to the instructions offered by the state; in modifying the first instruction asked by the plaintiff in error, and in refusing his last.

The indictment in this case is under the Code, § 2552, charging the accused with feloniously aiding and assisting in the escape of a prisoner confined in jail for a felony. Of this offense the accused was acquitted by the jury, but they found him guilty of "negligently permitting the escape of the convict" named in the indictment.

The offense of which the plaintiff in error was convicted is defined, and its punishment prescribed, by the Code, § 2557: "If any sheriff, *jailer*, coroner, marshal, constable, or other officer, * * * shall suffer any person, lawfully committed to his custody, to escape and go at large, either willfully or negligently, or shall receive any gratuity or reward, or any security or engagement for the same, to procure, assist, or connive at, or permit any prisoner in his custody, on any criminal charge or conviction, to escape, whether such escape be attempted or effected, or not, he shall, upon conviction, be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment."

Notwithstanding the objection of the accused, evidence was allowed to show that he was jailer, and the court instructed the jury that "the law imposes upon officers, and all other persons having prisoners in charge, strict vigilance, and if they, by gross neglect, permit an escape, they are criminally liable, and if the person escaping was lawfully committed to jail under a charge of felony, and the person having him in

charge, by gross negligence, permits him to escape, he is guilty of the offense prohibited by the section of the statute upon which this indictment was found. "If the defendant, by gross negligence, permitted the escape of William Johnson, as charged in this indictment, he is guilty of permitting an unlawful escape, and, if the other facts charged have been proven, he was guilty of feloniously aiding the escape."

Upon the evidence of gross negligence of the accused the jury might well have found him guilty of aiding and assisting the prisoner to escape. Manifestly his neglect to lock the door, when he left the jail, and his neglect to return to the jail and fasten all the doors, were acts of active, positive, felonious aid and assistance, or might have been so believed by the jury, and they might, with propriety, have so found by their verdict, but they found him "not guilty of feloniously aiding and assisting" the escape.

By this verdict the plaintiff in error was acquitted of the offense charged in the indictment. For the offense of which he was convicted by the verdict he was not indicted.

The court, on the trial, must have fallen into some error as to the indictment or otherwise, or the record must present the case imperfectly.

Judgment reversed, and accused discharged.