## GRIFFIN v. STATE.

### [71 South. 572.]

BURGLARY. *Evidence. Breaking and entering.*

> Where in a prosecution for burglary the only evidence of a breaking and entering was that the back of the door through which defendant came had been tampered with, this was not sufficient to establish the crime and the defendant should not have been convicted.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Henry Griffin was convicted of burglary and appeals. The facts are fully stated in the opinion of the court.

*W. E. Mollison,* for appellant.

*Ross A. Collins,* Attorney-General, and *E. E. Floyd,* for appellee.

HOLDEN, J., delivered the opinion of the court.

In December, 1915, the appellant, Henry Griffin, a negro boy about sixteen years of age was indicted and tried for the crime of burglary of a storehouse in the city of Vicksburg, and from a conviction and sentence of three years' imprisonment in the penitentiary, he appeals here.

The testimony offered by the state at the trial in the lower court showed that the appellant was in the employ of the Katzenmeir Bakery in the city of Vicksburg, and one night during the month of October was found in the storeroom connected with the bakery. When he was discovered in the storeroom he ran out of the door and pushed by two or three persons, dropping his hat, and was afterwards identified·at the trial by these state witnesses. It further appears from the testimony that the appellant had gotten together some groceries

in the storeroom, which he left there in his hasty depar-
ture from the building.

This ignorant negro boy had no counsel to represent
him at the trial. He introduced no evidence, nor did
he testify in his own behalf, but sat in silence through-
out the trial. At the conclusion of the testimony for the
state the jury retired, and promptly returned a verdict
of guilty as charged, which charge in the indictment
was that he ''feloniously and burglariously did break
and enter,'' etc.

The appellant assigns but one error here for reversal,
and that is that the state failed to prove the appellant
guilty of burglary, in that it failed to show by any
testimony the ''breaking and entering.'' After reading
the record in this case carefully, the only testimony for
the state that we are able to find which tends to prove
that the appellant ''did feloniously and burglariously
break and enter'' is the following testimony of Mr.
Katzenmeir, which we here quote *verbatim et literatim:*

''Q. Mr. Katzenmeir, tell the jury the condition of
that door that he came out of; was the lock tampered
with? A. You know where the lock comes in (indicat-
ing); it had been tampered with.''

The above testimony includes all there is on the sub-
ject of the appellant breaking and entering the store-
house. This testimony is not sufficient to show beyond
a reasonable doubt that there had been a ''breaking''
by the appellant, or any other person. ''Breaking and
entering'' is a very necessary essential of burglary.
William Blackstone; section 1073, Code 1906. This tes-
timony is so unsatisfactory that no court or jury could,
by any reasonable construction of it, or inference drawn
from it, safely say that the storeroom in question was
broken into on this occasion. This evidence does not
even show that the door was closed, or was locked, and
was opened by the appellant. Therefore a conviction
upon such uncertain proof cannot rightfully stand in
any court. Here was a young negro boy, a human being,

charged with a felony, being tried in a tribunal of justice; ignorant, poor, and friendless, without the aid of counsel to speak for him, and unable to speak in his own behalf, he is condemned and consigned to prison upon this character of proof. With this setting of the stage, and these obvious conditions before it, the learned court should have especially required that the testimony offered by the state, establish the "breaking and entering," as charged in the indictment. In failing to do this the lower court committed error, for which the judgment must be reversed, and the case remanded.

*Reversed and remanded.*