FLOYD *v.* STATE.*

(Division A.  Oct. 26, 1925.)

[105 So. 765.  No. 25086.]

ESCAPE.  *Penalty for attempt to escape from county jail limited to year's imprisonment; "every person lawfully imprisoned."*

Though Code 1906, section 1156 (Hemingway's Code, section 883), provides penalty of five years in penitentiary for person sentenced thereto escaping therefrom or "from custody before confinement therein," and section 1049 (section 777) authorizes the same penalty to attempt to commit any offense, as is prescribed for commission of the offense attempted, provided no penalty is prescribed for the attempt, section 1159 (section 886), providing imprisonment in county jail not exceeding one year for "every

person lawfully imprisoned" therein attempting by force or violence to escape therefrom, applies to one so attempting to escape from county jail while lawfully imprisoned therein pursuant to penitentiary sentence after conviction for robbery.

*Headnote 1.  Escape, 21 C. J., Section 59 (Anno).

APPEAL from circuit court of Warren county.

HON. E. L. BRIEN, Judge.

D. C. Floyd was convicted of attempt to escape, and he appeals. Affirmed in part, and reversed in part.

*A. A. Chaney,* for appellant.

The appellant was indicted on the charge of attempting to escape from jail and not on the charge of aiding or abetting others in making an escape. The trial court was without authority to impose a sentence of ten years in the state penitentiary.

Section 886, Hemingway's Code, provides: "Every person lawfully imprisoned in the county jail who shall escape therefrom, or who shall attempt by force or violence to escape therefrom, shall, upon conviction be imprisoned in the county jail not more than one year.

In the face of this statute, the trial judge sentenced the appellant to serve ten years in the state penitentiary. There is no statute authorizing the imposition of a sentence of ten years.

If the court is of the opinion that the evidence was sufficient to sustain the conviction, we simply ask for a correction of the sentence imposed.

*F. S. Harmon,* assistant attorney-general, for the state.

The only serious contention is that the trial court was without authority to sentence this appellant to serve ten years in the state penitentiary for attempting to escape from the county jail. After a careful study of the statutes we are of the opinion that counsel's point is well

taken and that under this indictment the maximum sentence was one year of confinement in the county jail.

The statutes dealing with the escape of prisoners are sections 876 to 887, Hemingway's Code. Several statutes deal with aiding prisoners to escape, but this indictment was not for this offense. Similarly, section 883, would cover this case if this appellant had actually escaped, since he had been sentenced to the penitentiary, but this indictment was simply for an attempt to escape from the county jail. It seems clear from the language of the indictment that the same is drawn under section 886, Hemingway's Code, which provides that "every person lawfully imprisoned in the county jail, who shall escape therefrom, or who shall attempt by force or violence to escape therefrom, shall, upon conviction, be imprisoned in the county jail not more than one year."

The only two statutes imposing a ten-year sentence are sections 876 and 877, which cover the cases of aiding felons to escape. Had this indictment been drawn under these sections, the sentence therein provided would be applicable, but we are frank to say to the court that there is not a word in the indictment charging this appellant with aiding Clemons to escape.

However, in order to call the court's attention to all the statutes pertinent to the question here involved, we respectfully refer the court to section 777, Hemingway's Code, the same being the general statute on "attempts to commit an offense." The latter part of this statute provides that "if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such an offense shall be punished for a period, or for an amount not greater than is prescribed for the actual commission of the offense so attempted." Now, if the court reads this section along with section 883 it is possible to sentence this appellant for a maximum term not exceeding five years. The facts of this case bring it within the language of section 883. This appellant was sentenced

to the penitentiary for ten years, and he escaped from custody before confinement therefor. Section 883 does not provide a penalty for an attempt to commit the offense therein defined. Therefore, the portion of section 777 above quoted is here applicable, and under section 777 the attempt to commit the offense set forth in section 883 may be punished by a sentence no greater than is prescribed for the offense in section 883—that is five years.

However, the indictment in this case is not drawn in the language of section 883, and this court must decide as to the propriety and legality of convicting this man under section 777 of an attempt to commit the offense defined by section 883, in the light of the language of the indictment which parallels quite closely the words of section 886. Under one view of the case the maximum sentence is one year in the county jail; under the other the maximum sentence is a term not exceeding five years in the penitentiary.

Cook, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Warren county on a charge of attempting by force and violence to escape from the county jail of said county while lawfully imprisoned in such jail in pursuance of a sentence imposed after a conviction for the crime of robbery. For the offense of attempting to escape from jail he was sentenced to the penitentiary for ten years, and from this conviction and sentence this appeal was prosecuted.

We do not think there is any merit in the contention that the testimony is insufficient to sustain the conviction, and consequently the judgment of conviction must be affirmed. We think, however, that the trial court was without authority to sentence the appellant to serve ten years in the penitentiary for attempting to escape from the county jail.

The statutes dealing with the escape of prisoners are sections 1149 to 1160, Code of 1906 (sections 876 to 887,

Hemingway's Code). The only two of these sections which prescribe so great a penalty as ten years in the penitentiary are sections 1149 and 1150, Code of 1906 (sections 876 and 877, Hemingway's Code), but these two sections deal only with the crime of aiding felons in escaping or attempting to escape. Section 1156, Code of 1906 (section 883, Hemingway's Code), provides a penalty of not exceeding five years in the penitentiary in case any person sentenced to the penitentiary for any term less than life shall escape from such prison, or shall escape from custody before confinement therein. Section 1049, Code of 1906 (section 777, Hemingway's Code), provides that an attempt to commit any offense less than capital may be punished "for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted," provided no other penalty is prescribed for an attempt to commit such an offense. Since the appellant was confined in jail under a penitentiary sentence at the time of the alleged attempt to escape, this section would authorize the imposition of the maximum penalty of five years provided under said section 1156, Code of 1906 (section 883, Hemingway's Code), if no other penalty was prescribed for such an offense. However, section 1159, Code of 1906 (section 886, Hemingway's Code), expressly provides that—"Every person lawfully imprisoned in the county jail, . . . who shall attempt by force or violence to escape therefrom, shall, upon conviction, be imprisoned in the county jail not more than one year."

The broad language of this statute covers the case of every person lawfully imprisoned in a county jail who shall attempt by force or violence to escape therefrom, and seems to provide the only penalty for such an attempt. The judgment of conviction in the court below will therefore be affirmed, but the judgment sentencing the appellant to ten years in the penitentiary will be reversed, and the cause remanded for proper sentence.

*Affirmed in part and reversed in part.*