GEORGE v. STATE.

(Division A.    Oct. 31, 1938.)

[184 So. 67.    No. 33355.]

Otto Karl Wiesenburg, of Pascagoula, for appellant.

330

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGowen, J.,** delivered the opinion of the court.

Appellant was tried and convicted in the circuit court of Jackson county on an indictment charging him with burglary and larceny, and sentenced to serve a term in the State Penitentiary.

Appellant argues that the case should be reversed on three grounds.

(1) That the indictment improperly alleged the ownership of the house burglarized in "the estate of W. M. Canty;"

(2) That there was no proof of a breaking; and

(3) That he did not have a fair and impartial trial because no instructions were given the jury, either for the state or for himself.

The appellant was not represented by counsel in the lower court. No instructions were given the jury on his behalf, nor for the state; no motion for a new trial was made.

On the first ground the indictment charged the ownership of the dwelling house burglarized to be in "the estate of W. M. Canty." The indictment should charge ownership of the dwelling in burglary indictments to be in a living individual or corporation, but we will pretermit a discussion of this assignment for the reason that no demurrer was filed to the indictment, and no point presented to the lower court. It is probable that the indictment was amendable, but it is unnecessary for us to so decide in view of the conclusion we have reached.

In brief the facts were that there were three or more

occupants of a dwelling house in Pascagoula, and one of the occupants testified that when he left the dwelling house, he left it closed, and on returning to the home about nine o'clock at night, he saw a person at the head of the stairs, and he investigated and found the appellant concealed under the bed coverings in one of the upstairs bedrooms. The appellant had on certain clothing, which belonged to W. M. Canty, and also had other property in his possession of a value of $24 or $25. The evidence does not show when the other occupants, the grandmother and nephew, Billy Canty, left the home or when they returned. It does show that at the time the appellant was discovered immediately upon the prosecuting witness entering the house that W. M. Canty was in one of the back rooms. The main witness, H. U. Canty, only testified that when he left the dwelling house in question, it was closed, and when he returned, he had to open the door to go into the house. The only evidence as to the movements of W. M. Canty and the grandmother was that of W. M. Canty, who said: ''Well, it was about nine o'clock at night, and we were sitting in the dining room, and I heard my grandmother hollering for help, and I ran in the front of the hall, . . . .''

We think this evidence is wholly insufficient to support the judgment and conviction of burglary. The evidence does not show either an actual or a constructive breaking into the house, it being shown that other people dwelt in this house, and, we think, were present in the house when H. U. Canty, the main state witness, testified that he opened the door. This makes it at least so doubtful that it cannot be said that the breaking is shown with that degree of certainty required by the law. It is essential to show either an actual or constructive breaking into the house to constitute the crime of burglary. Not every entrance into a house by a trespasser is the breaking, and if a door or other opening in the house, such as a window, be open, and the thief enters, this is not breaking into it. In the case of Frank v. State, 39 Miss.

705, this court held that: "The raising of a window-sash which was down, and which was the only obstacle to ingress through the window, and the entry of the accused through the same, is a sufficient breaking in law to constitute burglary." We cannot attribute to the accused super-natural powers in that he entered this building without going through a door or a window, but the State's evidence shows that other people were in the house at the time he was discovered there, and that being true, the evidence was not sufficient to show that other occupants had not opened the door, and the accused passed through an open door into the house. See Wharton's Criminal Law (12th Ed.), Volume 2, p. 1275, sec. 973; 9th Am. Jur., p. 214, sec. 4; and 9th C. J., p. 1076, sec. 133.

In the Frank case it is clear that raising the window by the accused and thereupon entering the house made a case of burglary, but the case at bar does not fall within it for the reason that the method by which accused entered therein is not shown.

The appellant did not request a peremptory instruction, therefore, the case must be remanded for another trial, although the proof in this record fails to make out a case of burglary.

Reversed and remanded.