CLANTON v. STATE.

Division A. May 7, 1951.

No. 37976 (52 So. (2d) 349)

**Jno. W. Prewitt,** for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, C. J.**

From a conviction of the crime of burglary and a sentence to serve a term of six years in the state penitentiary, the appellant, Terrel Tuney Clanton, has appealed and assigned as error, among other grounds, the insufficiency of the proof to show a breaking and entering of the building in which a shotgun, two boxes of cigars and numerous cartons of cigarettes were stolen, of a total value sufficient to constitute the crime of grand larceny which was also alleged in connection with the crime of burglary.

It is a general rule that two crimes cannot be charged in the same count of an indictment, but, as an exception thereto, burglary and larceny may be joined in a single count, as in the instant case, and the jury may acquit of burglary and convict of larceny; but, if the jury returns a general verdict of guilty as charged, as was done on the trial of this defendant, it will be regarded as a conviction of burglary alone. Roberts v. State, 55 Miss. 421; Harris v. State, 61 Miss. 304; Dees v. State, 89 Miss. 754, 42 So. 605; and George v. State, 183 Miss. 327, 184 So. 67.

In the case at bar, the court instructed the jury that if they believed beyond every reasonable doubt that

the defendant willfully, feloniously and unlawfully entered the building in question and took, stole and carried away the property of W. W. Dent as described in the indictment, and that the same was of the value of $25 or more, etc., the defendant is guilty of grand larceny and that the jury should so find and return a verdict accordingly. This instruction which authorized the jury to convict of the lesser offense was proper under the evidence in the case. Section 2523, Code 1942. But the court further instructed the jury that if they believed beyond every reasonable doubt that the defendant did unlawfully, feloniously and burglariously *break* and enter the building where the goods, merchandise and other things of value were kept for sale, and with the intent to willfully, feloniously and burglariously take, steal and carry them away, and that he did so take, steal and carry them away, then the jury should find the defendant guilty as charged in the indictment. Such was the verdict of the jury.

The instruction last above mentioned should not have been given for the reason that the proof in the case is wholly insufficient to show beyond every reasonable doubt that there was a "breaking and entering" of the building in question on the occasion complained of. The person in charge of the building frankly stated that he could not say as to whether or not the window through which the culprits entered had to be raised by them to any extent in order to effectuate an entry. He merely testified that it was the usual practice to close the window before leaving the building for the night but he was unable to say that the window was not left up on that evening, except that he concluded that it had been closed from the circumstance that he had not found it open on any other occasion when he appeared at the filling station every morning to begin another day's work.

The sheriff testified that he questioned the laborers at the filling station during his investigation of the crime, and that none of them were able to say as to whether or

not the window was closed before they left the place of business a few hours before the building was entered at night and the goods stolen. An alleged accomplice of the defendant testified as to the stealing of the shotgun, cigars and cigarettes from the building, but stated that the defendant, Clanton, and one Jordan had entered the building through the window while he was parking the automobile; that they were already in the building when he arrived at the window. In other words, there is no testimony that it was necessary to raise the window to effect the entrance into the building. ██ ██ Under Section 2043, Code 1942, a "breaking and entering" is necessary to constitute the crime of burglary. And while the proof may be sufficient to show by a preponderance of the circumstantial evidence in the case that there was a "breaking and entering" of the building, the Court is of the opinion that it is insufficient to prove such fact beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis. Griffin v. State, 111 Miss. 335, 71 So. 572, 573.

In the Griffin case, supra, the owner of the building testified that the lock had been tampered with, but it was not shown as to when this had been done. The Court held that "breaking and entering" is a necessary element of burglary, and stated that: "This evidence does not even show that the door was closed, or was locked, and was opened by the appellant. Therefore a conviction upon such uncertain proof cannot rightfully stand in any court."

In 9 Am. Jur. 246, Section 10, it is said: "Opening a locked door, lifting a latch or a hook, or turning the knob of a door, opening it, and entering is sufficient breaking to support that element of burglary. The view is also taken that the pushing open of a door entirely closed, but unlocked, is a sufficient breaking to sustain a conviction for breaking and entering or for burglary."

██ ██ Because of the insufficiency of the evidence as to a breaking into the building in question, the Court is

of the opinion that the case at bar should not have been submitted to the jury as to the alleged crime of burglary, but that under the proof in the record now before us the issue should have been limited to the question of the guilt or innocence of the accused as to the crime of grand larceny.

In view of this conclusion, we do not reach the other assignments of error except to say that all of the evidence offered was competent, and that the defendant was not entitled to a general peremptory instruction to the jury to find him not guilty, even though it is true that under the proof now before us he would have been entitled to such an instruction, if the same had been requested, so far only as the crime of burglary was concerned.

The cause will therefore be reversed and remanded for a new trial.

Reversed and remanded.