BRADY, Justice:
The appellant, a fourteen year old Negro boy, was indicted, tried and convicted in the Circuit Court of Scott County, Mississippi, of the crime of burglary with intent to rape and was sentenced to the Mississippi State Penitentiary for a term of seven years, the minimum penalty for breaking and entering with felonious intent an occupied dwelling house. From this conviction and sentence this appeal is taken.
The controlling facts on which the indictment was based are as follows: On August 3, 1967, around eight P.M., Mrs. Ruby Burkes returned to her home on Hill Street in Forest, Mississippi. With her was her son, age three years, and her daughter, age six months. Mrs. Burkes retired about nine-thirty P.M. Mr. Larry Burkes, her husband, was not at home at the time. After going to sleep, Mrs. Burkes was awakened by someone on the bed, pulling at the top of her pajamas.. She called her husband’s name, but received no answer. When the person caught her by the shoulder, Mrs. Burkes started screaming, and the person ran. Mrs. Burkes testified *812 she could not identify the person running from her home other than that he was a colored boy.
Jackie Burkes, the brother-in-law of Mrs. Burkes, arrived at her home at approximately the time of the incident. As he drove into the driveway, he heard Mrs. Burkes screaming and saw a Negro, wearing a white T-shirt, running out from under the carport and across a dirt road.
Mr. Hubert Henderson, Chief of Police of Forest, Mississippi, and a next-door neighbor to Mrs. Burkes, testified that at approximately ten or ten-thirty P.M. he heard a woman screaming. He ran into his backyard in time to see “a small colored man” come off the back porch of Mrs. Ruby Burkes’ house and run. Chief Henderson was unable to identify the person fleeing from the Burkes’ home except that he was a small Negro man. Neither Mrs. Burkes, Chief Henderson nor Jackie Burkes was able to identify the appellant as the person whom they saw running from the Burkes’ home.
Mr. Henderson ran back into his house, dressed, and went to the Burkes’ home. Chief Henderson took a flashlight from officers who had arrived at the scene and made an investigation of the garage and the dirt street which extends by the side of the Burkes’ house. In approximately the middle of the dirt street he found a billfold containing the Social Security card of the appellant. Chief Henderson testified that he did not know how the appellant’s billfold happened to be on the dirt street or how long it had been there.
The record discloses that the appellant, who was visiting his grandmother, had used the dirt street as a means of getting to and from his grandmother’s home. Chief Henderson testified that this dirt street is an L-shaped street that runs from Highway 35 and intersects Hill Street and that persons living on Highway 35 south of Forest could travel on this dirt street on their way into Forest.
Mildred Norris, a witness for the appellant, said that she lives on Highway 35 south of Forest and when walking to or from town she always travels on the dirt street that cuts off on Highway 35, makes an L turn and runs into Hill Street.
Two assignments of error are urged by the appellant. The first error complained of is that the State failed to offer any evidence that the dwelling house which appellant is charged with breaking and entering was actually “broken in” and that the State failed to identify the appellant by competent evidence as the person entering the dwelling house; and therefore, the trial court erred in not granting the appellant’s motion for a directed verdict. In considering this assignment of error, we find that Mrs. Burkes testified that the door to the back porch was not locked.
Q. * * * Now, Mrs. Burkes, the door to the back porch, did you leave— was that door open or locked when you went to bed?
A. No, sir, it wasn’t locked.
At the outset, the testimony of Mrs. Burkes did not give any positive assurance that entry was gained through the door to the back porch, though this was assumed. Furthermore, when asked if the door to the back porch was open or locked, Mrs. Burkes replied, “No, sir, it wasn’t locked.” This Court does not and cannot know from- the testimony of Mrs. Burkes or any other witness whether or not the door to the back porch, assuming that the appellant entered by this door, was open or closed. We know it was not locked because it did not have a lock on it, but this Court does not know whether the door to the back porch was open or closed. We cannot assume that the door was wide open and we cannot assume that the door was closed. The record wholly *813 fails to disclose whether the appellant used any force to push open the door if it was closed or partially closed or if he walked through the open doorway. The record fails to disclose if all of the other doors of the house were closed or locked and whether or not the windows were screened and fastened; therefore, the record is wanting in proof of breaking, an essential element of the crime charged. For this reason, the judgment must be reversed. Clanton v. State, 211 Miss. 568, 52 So.2d 349 (1951) ; George v. State, 183 Miss. 327, 184 So. 67 (1938); and Griffin v. State, 111 Miss. 335, 71 So. 572 (1916).
The Clanton case, supra, seems to have direct application to the case at bar in that in the Clanton case the owner of the building testified that he did not know whether the window through which Clanton entered was closed. The owner merely said that it was the usual practice to close the window before leaving at night. In that case the sheriff testified that when the other workers at the robbed service station were questioned they were not able to say whether or not the window was closed before they left work the evening that the goods were stolen. We said in the Clanton case:
In other words, there is no testimony that it was necessary to raise the window to effect the entrance into the building. Under Section 2043, Code 1942, a “breaking and entering” is necessary to constitute the crime of burglary. And while the proof may be sufficient to show by a preponderance of the circumstantial evidence in the case that there was a “breaking and entering” of the building, the Court is of the opinion that it is insufficient to prove such fact beyond every reasonable doubt, and to the exclusion of every other reasonable hypothesis. (211 Miss, at 572, 52 So.2d at 350.)
It is not necessary for this Court to consider the contention of the appellant that the State failed to produce competent evidence to connect appellant with the crime charged.
Finally, this case must be reversed because the Chancery Clerk of Scott County, who is also the youth court referee, was permitted to testify as to his recollection of what the appellant, a fourteen year old boy, had said in his trial in youth court when placed by his attorney upon the witness stand. Testifying from memory over the objection of the appellant, the chancery clerk, O. L. Williams, testified in substance that the appellant had testified at a youth court hearing on September 14, 1967, that “he was riding around on his bicycle late at night, between the hours of 9:30 and 10 o’clock, and he cased this house out.” The appellant was referring to the Burkes’ house. Williams further testified that the appellant “went on and parked his bicycle behind a washateria, walked back through the pathway, came back behind the house and there was a door back there that led on the back porch in through a bathroom. He went through that bathroom, was in there looking around, and he said he stumbled on a bed and the lady that was there got to screaming and hollering that he caught hold of her to try to cover her mouth, something to that effect. Then he got scared and ran.”
In determining whether or not the admission of this testimony by Chancery Clerk Williams constituted reversible error, we find that the pertinent parts of Mississippi Code 1942 Annotated section 7185-09 (1952) provides as follows:
* * * The disposition of a child or any evidence given in the court in any proceedings concerning him shall not be admissible against the child in any case or proceeding in any other court * * *. (Emphasis added.)
The prohibition outlined in paragraph four of said section is free from any ambiguity. The prohibition as set forth is unmistakably clear in the use of the mandatory “shall not be admissible.” The trial court should have sustained the objection of the introduction of the testimony which is a confession. Statham v. Blaine, 234 Miss. 649, 107 So.2d *814 93, 108 So.2d 213 (1958); and State v. Kelly, 169 La. 753, 126 So. 49 (1930).
While this Court has not expressly decided this issue, the sister States of Alabama, Louisiana and Arkansas have. These states also have statutes which are similar to Mississippi Code 1942 Annotated section 7185-19 (1952) and which in some instances utilize the same language. They have held in cases construing their statutes that the adjudication of delinquency in youth court hearings is not admissible in criminal courts and in other courts. Ala.Code, Tit. 13, § 377 (1940) ; Love v. State, 36 Ala.App. 693, 63 So.2d 285 (1953) ; Act No. 126, Ex. Sess. 1921, § 6 (Juvenile Court Act for the Parish of Orleans); State v. Kelly, supra; State v. Walker, 178 La. 635, 152 So. 315 (1934); Ark.Stat.Ann., vol. 4A § 45-205 (1947); Statham v. Blaine, supra.
The cases cited by the State are easily distinguishable from the case at bar. The case of State ex rel. Arbeiter v. Reagan, 427 S.W.2d 371, (Mo.1968), is easily distinguishable from the case at bar. The Missouri Supreme Court in that case specifically declined to pass upon the question of whether the testimony of a delinquent in a youth court was admissible in a criminal court. Likewise, it is to be noted that the appellee relies upon dicta in People v. Hester, 39 Ill.2d 489, 237 N.E.2d 466 (1968), in support of his contention that the testimony of the appellant given in youth court was admissible in the case at bar. There is no merit in this contention for the reason that People v. Hester, supra, is distinguishable and is not in point.
An examination of the proof offered in this case shows conclusively that the evidence is insufficient to convict the appellant of the felony charged in the indictment. Under the terms and provisions of section 7185-19, supra, the circuit judge could have remanded this cause to the youth court before, during or after said trial for further proceedings therein. In the disposition of this cause, this Court has the same authority which is vested by the legislature in the circuit court. Therefore, since the State failed to establish that the appellant was guilty of the felony charged, this cause is remanded to the youth court for further appropriate proceedings therein, in accordance with the provisions of the Youth Court Act.
Reversed and remanded to youth court.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.