JONES, Justice:
Appellant had been convicted and sentenced to the State Penitentiary from which he escaped. The indictment was drawn under Section 2138, Mississippi Code 1942 as amended by the Laws of 1966, Chapter 357, which statute, as amended, reads as follows:
If any person sentenced to the penitentiary for any term less than for life shall break such prison and escape thence, or shall escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape, and shall forfeit all earned time toward a parole as a result of such escape; provided, however, that if any person sentenced to the penitentiary for life shall break such prison and escape thence, he shall, upon conviction, forfeit all earned time toward a parole as a result of such escape.
The indictment followed the last portion of said statute charging that he did “break such prison and escape therefrom.”
On the trial the State failed to prove that appellant used any force or any “breaking” of any kind to escape. It only showed that he was in the penitentiary serving said sentence and disappeared, being later recaptured and returned to the penitentiary. There is no evidence of any kind that anybody used force, either in effecting said escape or assisting therein. Nor is there any proof as to how he escaped. It is noted that the part of the statute above quoted, upon which the indictment was drawn, makes the crime the breaking and escape from said prison.
On the evidence and under this indictment, the jury returned a verdict of guilty as charged, and by its mandatory judgment the court declared all earned time toward a parole forfeited.
We have no Mississippi case that we have been able to find on this particular issue, but we have an analogous decision under the burglary statute in George v. State, 183 Miss. 327, 184 So. 67 (1938) wherein the Court, in reversing the case, said:
We think this evidence is wholly insufficient to support the judgment and conviction of burglary. The evidence does not show either an actual or a constructive breaking into the house * * *. It is essential to show either an actual or constructive breaking into the house to constitute the crime of burglary. Not *617 every entrance into a house by a trespasser is the breaking, and if a door or other opening in the house, such as a window, be open, and the thief enters, this is not breaking into it. (183 Miss. at 333, 184 So. at 68).
The Court reaffirmed this statement in Gross v. State, 191 Miss. 383, 2 So.2d 818 (1941) although the Court affirmed the Gross case.
In the instant case, appellant was charged with “breaking out” of the penitentiary and in the burglary case, the defendant was charged with “breaking in.” We can see no reasonable logic by which it can be said that the word “break” in these two phrases should connote, infer or carry different meanings.
In 5A Words and Phrases, page 315 (1968) under the word “break” there are over three pages of citations holding that the word “break” implies force.
Furthermore, it is stated in 27 Am. Jur.2d Escape, Prison Breaking, and Rescue, section 1, page 849 (1966) that escape, prison breach, and rescue have one purpose in common, the regaining by a person in the custody of the law of his unrestrained freedom, and the only distinction between such crimes is in respect of the means employed to attain this purpose. Escape was an offense at common law and consisted of a simple departure from lawful custody. The use of force is not a requisite of an escape. 27 Am.Jur.2d Escape, Prison Breaking, and Rescue, supra.
In 30A C.J.S. Escape § 2, page 875 (1965) it is stated that the grade or degree of the crime of escape is largely regulated by statute, and that in the absence of statutes regulating escape, the common law applies. The crime of escape is defined as the voluntary departure of a person without force from the lawful custody of an officer or from any place where he is lawfully confined, and the use of force or violence is not a necessary element of an escape.
Prison breach requires an element of force. 30A C.J.S. Escape §§ 2, 3, 4, pages 876-877 (1965); 30A C.J.S. Escape § 13, page 888 (1965).
In 10 A.L.R., page 148 (1921) appears an annotation on this question in which a number of cases are cited showing that the offense of prison breach or breaking of jail requires actual force. There is another annotation in 96 A.L.R.2d beginning at page 520 (1964) which annotation is confined to cases involving escape by prisoners. On page 522 of 96 A.L.R.2d, it is stated that the question of liability generally for an escape does not turn on the means employed to accomplish it and the use of force is not an element of the offense, but, on the other hand, the use of force is a requirement for the charge of prison breaking. On the same page under section 3, entitled “Escape,” the annotator cites:
All the cases agree that in the absence of a statutory provision to the contrary the use of force is not a requisite of the common-law crime of escape or of its statutory counterpart. Accordingly, in order to establish the common-law crime of escape or its statutory equivalent, it is not necessary to allege or prove the use of force by the prisoner in effecting his escape, (emphasis added).
Numerous cases are cited following the above quotation.
In 96 A.L.R.2d page 525 entitled “Prison breach or escape by force” (1964), the annotator states:
All the cases agree that some element of force must be present to constitute the crime of prison breach or prison break or the statutory crime of escape by force, (emphasis added).
Numerous cases following this quotation cite the substantive statement.
We have found no case holding that force is not an essential element of prison breach. In the instant case, the State *618 failed to prove the use of force, either actual or constructive.
We have one case in Mississippi, Westbrook v. State, 52 Miss. 777 (Miss.1876) where it was shown that an affidavit charged the defendant with “feloniously aiding and assisting in the escape of a prisoner.” The jury found him not guilty of feloniously aiding and assisting the escape but found him guilty of negligently permitting the escape. The Court held that this was not the crime with which he was charged and feloniously aiding was a different charge from negligently aiding and reversed the case and dismissed the appellant.
Our statutes recognize the degrees of escape by fixing different punishment. As stated by 27 Am.Jur.2d Escape, Prison Breaking, and Rescue, section 1, page 849 (1966), escape and prison breach have one purpose in common, the regaining of freedom. The only distinction is in the means employed.
As stated by 30A C.J.S. Escape § 2, page 875 (1965), the grade or degree of the crime is generally fixed by statute or statutes, as it is in our case.
The constituent element of a crime is defined by 22 C.J.S. Criminal Law § 1, page 2 (1961), and as applied to crimes “signifies an essential or necessary ingredient.”
If the appellant in the instant case had broken the wall or door of the prison but had not departed and made no effort to depart, he could not and would not be guilty of breaking the prison and escaping therefrom. When he escapes without breaking, he is not guilty of breaking and escaping. Both the breaking and escaping are essential and constituent elements of the crime of prison break and escape. The evidence in this case was ample to sustain a conviction for escape.
The term constituent element as a necessary ingredient is applied only to crimes consisting of two or more degrees, or where, by the necessary proof of one offense, another charge is established. State v. Magone, 33 Or. 570, 56 P. 648, 650 (1899).
The indictment was for “breaking prison and escaping.” The jury verdict was “guilty as charged.” It was absolutely essential to such a verdict that the jury find appellant guilty of escape, as to which the proof was undisputed. Having held herein that the evidence did not support a verdict of breaking, the verdict as to escape remains unscathed. We are, therefore, affirming the case as a conviction of a simple escape under the common law which is made a part of our law by Sections 2560-2562, Mississippi Code 1942 Annotated (1956), and we are remanding the case to the court below for resentencing to appropriate punishment for the crime of escape. § 2523, Miss.Code 1942 Annot. (1956); Washington v. State, 222 Miss. 782, 77 So.2d 260 (1955); Boggan v. State, 176 Miss. 655, 170 So. 282 (1936).
Reversed as to conviction of breaking prison and escaping; affirmed as to conviction of escape; remanded for resentenc-ing as to escape.
GILLESPIE, P. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.