492 So.2d 978 (1986)
Clarence E. MILLER
v.
STATE of Mississippi.
No. 57009.
Supreme Court of Mississippi.
August 6, 1986.
*979 Milford A. Weaver, Lucedale, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by H.M. Ray, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Two issues are presented on this appeal arising from an oft-convicted felon's midnight flight from the George County Jail. First is the question whether it be necessary that the prosecution prove his escape attended by force or violence, a question we answer in the negative. Second, we are asked whether the Circuit Court had authority in vacation to conduct a recidivism hearing and impose a mandatory sentence as authorized by Miss. Code Ann. § 99-19-81 (Supp. 1985) and we answer in the affirmative. Overall, we affirm.

II.
Clarence E. Miller, Defendant below and Appellant here, was born February 2, 1957. Shortly after his 28th birthday, Miller found himself in the George County Jail awaiting trial on a charge of armed robbery.
At approximately 1:30 a.m. on the morning of February 13, 1985, Miller haled the night jailer, Curtis Leggett, who was sitting out in the office reading a book. Leggett went back into the jail and responded, "What do you want," but no one answered. Leggett remained there for a few seconds and then returned to his desk when he noticed "some white tennis shoes" near the back door. Thinking some kids had come in, Leggett turned on the siren which was in his flashlight. He was immediately startled as a man, obviously Miller, came around the corner, rushed past him and out the front door.
Leggett did not recognize Miller as he had never personally seen Miller in daylight. He had seen the occupant of Clarence Miller's cell in the dark when that person was asleep; the occupant of Clarence Miller's cell wore a stocking on his head; the person Leggett saw flee the jail had a stocking on his head.
When Leggett came on duty at midnight, February 12, he checked all of the cells and determined that the occupant of the cell assigned to Clarence Miller was present *980 and accounted for. After the escape, he went back into the jail and found Miller's cell empty.
Two weeks later, Miller was found in Leesville, Louisiana, was taken into custody, and was ultimately returned to George County.
On April 23, 1985, Miller was formally charged with escape, Miss. Code Ann. § 97-9-49(1) (Supp. 1985), in an indictment returned by the George County Grand Jury. The indictment further charged that Miller was a recidivist within the meaning of Miss. Code Ann. § 99-19-81 (Supp. 1982). Miller entered a plea of not guilty to all charges. A July 25, 1985, trial resulted in a jury finding that Miller was guilty on the principal charge of escape.
Immediately thereafter the Circuit Court sentenced Miller to serve a term of five years within the custody of the Mississippi Department of Corrections but specified that the sentence was conditional subject to a later hearing on the recidivism issue.
On August 15, 1985, Miller appeared before the same Circuit Judge, this time sitting in Jackson County, Mississippi, for a sentencing hearing.[1] Without contradiction, the evidence established that Miller had, prior to that date, been convicted of two separate felonies, larceny in the State of Mississippi and sodomy in the State of Alabama. Under the authority of Section 99-19-81, the Circuit Court sentenced Miller to serve a term of five years without eligibility of probation or parole.
From this conviction and sentence, Miller appeals. We affirm.

III.
Miller first assigns as error the Circuit Court's refusal to grant his alternative post-trial motions for judgment notwithstanding the verdict or for a new trial. Miller argues that the State simply didn't prove all of the elements of the crime of escape.
Escape is an offense subject to criminal sanctions to the extent it has been so declared by the positive law of this state. Today's charge emanates from a 1983 enactment of our legislature, codified as Miss. Code Ann. § 97-9-49(1) (Supp. 1985) which, with the operative language underlined, reads as follows:

Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the state of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.[2]
*981 The word "escape" is not statutorily defined. Because of the argument advanced by Miller, it is necessary that we give it meaning. In one of our pre-enactment opinions, Brown v. State, 240 So.2d 615, 617 (Miss. 1970), we find this expression:
The crime of escape is defined as the voluntary departure of a person without force from the lawful custody of an officer or from any place where he is lawfully confined, and the use of force or violence is not a necessary element of an escape.
240 So.2d at 617.
Compare the definition found in Black's Law Dictionary, p. 488 (5th ed. 1979):
The voluntary departure from lawful custody by a prisoner with the intent to evade the due course of justice.
See also United States v. Bailey, 444 U.S. 394, 408, 100 S.Ct. 624, 633, 62 L.Ed.2d 575 (1980). These authorities establishes essence of the definition we attribute to the word escape in Section 97-9-49.
Miller's principal argument is that the new statute, Section 97-9-49(1), requires that "force or violence" be proved as an element of the offense of escape. Miller misreads the statute. Correctly read, the statute provide for two offenses: escape and attempted escape.[3] First, escape, without adjectival qualification, is made unlawful. Then, attempts at escape "by force or violence" are made unlawful. The "force or violence" wording in the statute refers only to attempted escape and not to the separate and distinct offense of escape, properly so called.
Considering that the offense of escape consists of (a) the knowing and voluntary departure of a person (b) from lawful custody and (c) with intent to evade the due course of justice and that evidence that the accused acted with force or violence is unnecessary, we turn to Miller's specific assignment of error, the effect of which is a claim that the evidence was insufficient as a matter of law to establish one or more of the elements of the offense of escape or, in the alternative, that the verdict of the jury was contrary to the overwhelming weight of the evidence.
The evidence reflects that prior to February 13, 1985, Clarence E. Miller was lawfully within the custody of the sheriff of George County awaiting trial on an armed robbery charge. At approximately 1:30 a.m. on February 13, 1985, Miller's cell door was unlocked by unknown means. This enabled him to get out of his cell, whereupon he created a diversion by calling out to the night jailer. After the jailer had come back into the jail area, Miller was able to position himself so that, once the jailer returned to his office, Miller could rush around the corner and make his exit. Miller's intent to evade the due course of justice is further evidenced by his flight to the State of Louisiana and his remaining at large until he was involuntarily taken into custody by authorities in Leesville, Louisiana, some two weeks later.
On the authority of cases legion in number we hold that the evidence adduced by the State was of sufficient quality and weight that the Circuit Court correctly overruled the motion for judgment of acquittal notwithstanding the verdict. See, e.g., Fisher v. State, 481 So.2d 203, 213 (Miss. 1985); May v. State, 460 So.2d 778, 781 (Miss. 1984). Gathright v. State, 380 So.2d 1276, 1278 (Miss. 1980); Pryor v. State, 349 So.2d 1063, 1064-65 (Miss. 1977).
Moreover, the evidence was such that no one could rationally say that the verdict was contrary to its weight. Jones v. State, 481 So.2d 798, 804 (Miss. 1985); Luvene v. State, 481 So.2d 323, 325-26 (Miss. 1985). *982 Motions for new trials in criminal cases are necessarily committed to the sound and informed discretion of the Circuit Court. In the face of this evidence, we cannot say that the Court abused its discretion in overruling and denying Miller's alternative motion for a new trial. Mack v. State, 481 So.2d 793, 795-96 (Miss. 1985); Winston v. State, 479 So.2d 1093, 1097 (Miss. 1985); Burge v. State, 472 So.2d 392, 397 (Miss. 1985).

IV.
Miller next challenges that portion of his five year sentence which is predicated upon Miss. Code Ann. § 99-19-81 (Supp. 1985) and which renders that sentence one to be served without eligibility for probation or parole. The basis of the argument is that the enhanced recidivism sentence was not imposed during the term at which Miller was convicted.
It will be recalled that immediately following the jury's verdict of guilty on July 25, 1985, the Circuit Court called the matter for sentencing. The prosecution asked that the sentencing hearing be postponed because it did not have all of its proof ready on the prior felonies. The Circuit Court then stated:
With the understanding that when the State proves the habitual part of it that I will probably make this a habitual offense... . You are hereby sentenced to serve five years with the Department of Corrections... . If the State proves that it is habitual, then the sentence will be amended to show that. It will have to be done this court term though.
In fact, the July term of Circuit Court in George County ended on August 2, 1985,[4] and the recidivism hearing had not been held. Thereafter, on August 15, 1985, the same Circuit Judge, this time sitting in Jackson County, Mississippi, convened the recidivism hearing. At that time, the State proved that:
(1) On February 4, 1976, Miller had been adjudged guilty of the felony of sodomy in the State of Alabama, and
(2) On November 10, 1981, Miller had been adjudged guilty of the felony of grand larceny in the State of Mississippi.
Surely by now all are familiar with the fact that our rules allow for bifucated trials, the guilt phase and sentencing phase within the discretion of the circuit judge being held separately. See Taylor v. State, 452 So.2d 441, 451 (Miss. 1984); Seely v. State, 451 So.2d 213, 215 (Miss. 1984); May v. State, 398 So.2d 1331, 1337-38 (Miss. 1981). Rule 5.13, Uniform Criminal Rules of Circuit Court Practice, provides in part:
(1) There shall be a jury trial... .
(2) Upon conviction ... there shall be a hearing before the trial judge as follows:
* * * * * *
(b) The state may introduce evidence of aggravation of the offense to which the defendant has been convicted.
Cases in which the prosecution seeks recidivism sentencing under Sections 99-19-81 and -83 will often be appropriate for handling under Rule 5.13.
The question whether the sentence must be pronounced in term time is answered by Rule 6.01, Uniform Criminal Rules of Circuit Court Practice, which provides in part:
The sentence shall be pronounced in open court, in term time or vacation, in the presence of the defendant ... and recorded in the minutes of the court. [Emphasis supplied]
On August 15, 1985, the Circuit Court of George County was technically in vacation. The Circuit Judge, who had presided over the guilt or innocence phase of the proceedings, was then sitting in the Jackson County Courthouse.[5] This was a vacation proceeding *983 within the meaning and contemplation of Rule 6.01.[6]
The only question remaining is whether the Circuit Judge somehow limited his authority by stating on July 25, 1985, that he would continue the hearing on the recidivism matter but that "it will have to be done this court term though". No doubt this comment was an inadvertent throwback to the day when the closing of a court term had far greater significance than was the case in 1985.[7]See City of Gulfport v. Saxton, 437 So.2d 1215, 1217-18 (Miss. 1983). That day has passed. Rule 6.01 unequivocally provided that the Circuit Court was not limited to the July 1985 term of Circuit Court in George County for the holding of the recidivism sentencing hearing. A circuit judge may not limit his authority by an inadvertent, offhand remark such as that invoked here.
CONVICTION OF ESCAPE AND SENTENCE OF FIVE YEARS IMPRISONMENT WITHOUT POSSIBILITY OF PROBATION OR PAROLE AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.
NOTES
[1] With Miller's consent this recidivism hearing was combined with and held simultaneously with another recidivism hearing following Miller's conviction in Jackson County of armed robbery, a charge not to be confused with the armed robbery charge upon which Miller was being held at the time of his escape.
[2] It appears that our new escape statute is patterned after the Federal Escape Act, 18 U.S.C. § 751(a), which, in pertinent part, provides as follows:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by the direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of any officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both. (Emphasis supplied for comparing the provisions of the federal crime of escape with those of Section 97-9-49, applicable to the case at bar).
[3] Compare our general statute on criminal attempts. Miss. Code Ann. § 97-1-7 (1972); Floyd v. State, 140 Miss. 884, 887-88, 105 So. 765 (1925).
[4] Miss. Code Ann. § 9-7-49(1) (Supp. 1985) establishing court terms for the Circuit Court of George County provided for a July term to begin "on the fourth Monday of July [for] two (2) weeks". That statute has been repealed, effective January 1, 1986. Miss. Laws, 1985 ch. 502 § 41.
[5] See footnote 1, supra.
[6] We are cognizant of Miss. Code Ann. § 11-1-16 (Supp. 1985) which provides as follows:

(1) Notwithstanding the provisions of any other law to the contrary, the judge of any circuit ... court... shall, in vacation, and in the same manner as at a regular term, have jurisdiction to hear and determine and make and enter judgments, orders ... in all cases, civil or criminal, which are pending in the court and which were triable at the preceding term... . All judgments, orders ... which the judge may render or make in such cases tried shall be signed by him and thereupon be entered and recorded on the minute book of the court in which the case or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time. Appeals may be had and taken therefrom when so entered and recorded, as in other cases, in like manner as is provided by law when cases are tried in term time.
(2) The provisions of this section shall be supplemental and in addition to all other jurisdiction and authority which the judge of any such court may lawfully exercise in vacation or at a special term.
We are of the view that Rule 6.01, cited above, is a source adequate to authorize the vacation proceedings which occurred in this case.
[7] Even so, more than ten years ago this Court had held that a circuit court could correct an illegal sentence in vacation. King v. State, 304 So.2d 650, 651 (Miss. 1974).