MOORE, J.,
for the Court:
¶ 1. Appellant Samuel Allen was indicted by a DeSoto County grand jury on four counts of burglary and two counts of grand larceny. Following a trial, the jury found Allen guilty of one count of grand larceny and acquitted him of the remaining charges. The circuit court sentenced Allen to serve a term of five years imprisonment in the custody and control of the Mississippi Department of Corrections. Aggrieved, Allen cites one issue on appeal
WHETHER THERE WAS SUFFICIENT EVIDENCE FOR THE JURY TO FIND THE DEFENDANT GUILTY OF GRAND LARCENY BUT NOT GUILTY OF BURGLARY
FACTS
¶ 2. On January 14, 1998, a number of appliances were stolen from several homes under construction by the Oxford Development Group in Southaven, Mississippi. Detective Steve Stewart, of the Southaven Police Department, discovered three of the stolen appliances at Dantonio Powell’s residence at 656 Edith Street in Memphis. Allen drove up to the Rummy house, where his acquaintance Darnell McNeale was working, and asked McNeale if he knew of Powell’s whereabouts. McNeale accompanied Allen to Powell’s house, which was nearby.
¶ 3. At about 12:40 a.m. on January 14, Allen and McNeale drove up to Powell’s residence in a janitorial van which contained a stove, a dishwasher, and a washing machine. Allen asked Powell to lend him $100 to pay a crack cocaine debt. Powell lent Allen the money and took the appliances as “collateral” for the loan, notwithstanding that the appliances were stolen. McNeale helped Allen unload the appliances, then he returned to the Rummy house. Later that same day, Powell allowed the police to search his house; Detective Stewart discovered three appliances bearing the same serial numbers of those appliances stolen from Southaven.
¶ 4. The jury found Allen guilty of one count of grand larceny and acquitted him of the remaining charges. At Allen’s sentencing, the trial judge mentioned that he initially believed the verdict of guilt of grand larceny was inconsistent with the not guilty verdict for burglary. Upon reflection, the trial judge concluded that the verdict was logical because there was no testimony regarding the actual burglaries; therefore, there was not enough evidence to overcome reasonable doubt on the burglary charges. As to the grand larceny *49 conviction, the trial court reasoned that the jury accepted the testimony as to Allen’s possession of the stolen appliances and inferred larceny from his possession, as the trial court instructed the jury it could do. The trial court denied Allen’s post-trial motion for JNOV and alternatively for new trial.
LAW AND ANALYSIS
WAS THERE SUFFICIENT EVIDENCE FOR THE JURY TO FIND THE DEFENDANT GUILTY OF GRAND LARCENY BUT NOT GUILTY OF BURGLARY?
¶ 5. On appeal of the trial court’s denial of Allen’s motion JNOV, or in the alternative, for new trial, Allen argues that the jury verdict was inconsistent. Allen asserts that no hypothetical juror could find him guilty beyond a reasonable doubt of grand larceny because burglary and grand larceny constitute a “single event” and that “[n]o scenario can be envisioned that would allow the Defendant in this case to take away the appliances without also committing the crime of [bjurglary.” Allen did not offer any law to support his theory that grand larceny and burglary constitute a single event; therefore, he waived this argument. Edlin v. State, 523 So.2d 42, 49 (Miss.1988). However, even had Allen preserved this ground for appeal, his argument is without merit.
¶ 6. The Mississippi Supreme Court, in reviewing an indictment which joined burglary and larceny in a single count, held: “[T]he jury may acquit of burglary and convict of larceny....” Clanton v. State, 211 Miss. 568, 52 So.2d 349, 349 (1951). See also Stinson v. State, 443 So.2d 869, 872 (Miss.1983). Logically, the same is true where, as here, the indictment charged burglary and grand larceny in separate counts; the jury was free to acquit of burglary and convict on grand larceny. Since there is no legal barrier to a jury convicting Allen of grand larceny but not of burglary, we now consider whether the evidence was sufficient to support the verdict.
¶ 7. Under Miss.Code Ann. § 97-17-33 (Supp.1994), a person is guilty of burglary if he breaks and enters a building other than a dwelling with the intent to steal or commit a felony therein. Under Miss. Code Ann. § 97-17-41 (Supp.1999), a person is guilty of grand larceny if he felo-niously takes and carries away the personal property of another of the value of $250 or more.
¶ 8. The jury was properly instructed as to the elements of burglary and grand larceny. The prosecutor did not elicit testimony specific to the statutory elements of burglary; therefore, the jury could not find beyond a reasonable doubt that Allen broke and entered the houses with the intent to commit a felony therein. The jury’s verdict to acquit on the burglary charges shows that they understood the prosecutor failed in its burden to prove each burglary element.
¶ 9. The verdict of grand larceny, however, is supported by the evidence. Two eyewitnesses, McNeale and Powell, testified that Allen was in possession of the stolen appliances, and that he used them as “collateral” for a $100 loan to pay a crack cocaine debt. The appliances that were in Allen’s possession bore the same serial numbers as the appliances removed from the houses in Southaven. Allen did not testify or offer any evidence to explain how he came into possession of the appliances. Under instructions which correctly articulated Mississippi law, the jury was free to infer larceny from Allen’s unexplained possession of the appliances. Robinson v. State, 418 So.2d 749, 756 (Miss.1982); Fletcher v. State, 168 Miss. 361, 151 So. 477 (1933). Taking all credible evidence consistent with Allen’s guilt of grand larceny as true, and giving the State the benefit of all reasonable inferences that may be drawn from the evidence, McClain v. State, 625 So.2d 774, 778, the evidence in the present case was legally sufficient to sustain Allen’s conviction for grand larce *50 ny. The trial court did not, therefore, err in denying Allen’s motion for JNOV.
¶ 10. Further, the verdict was not against the overwhelming weight of the evidence, and to allow it to stand would not sanction an unconscionable injustice. Wetz v. State, 503 So.2d 803, 812 (Miss.1987). The jury obviously believed the testimony connecting Allen to possession of the stolen appliances, and given that there was no explanation of how Allen came into possession, the jury inferred larceny from his possession. It is equally obvious that the evidence at trial would not support a burglary conviction beyond a reasonable doubt. Burglary and grand larceny are two separate crimes, and conviction for one is not dependant upon conviction for the other. Far from casting doubt on the jury’s understanding of the task with which it was charged, the verdict demonstrated that the jury carefully considered the evidence and conscientiously rendered a verdict in accordance with the instructions pronounced by the trial court. The trial court did not, therefore, err in denying Allen’s motion for new trial.
¶ 11. Finding no error, we affirm.
¶ 12. JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IMPRISONMENT TO BE SERVED IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.