# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-KA-00269-SCT

*JEFFERY McCUNE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/02/97 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LESLIE D. ROUSSELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 2/4/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

¶1. On July 14, 1994, Jeffery McCune was arrested by the Newton Police Department on warrants for burglary and aggravated assault which had been issued against him on October 29, 1992. McCune notes that no indictment had been obtained against him in the intervening period between the issuance of the warrants and arrest. McCune escaped from jail four days after his July, 1994 arrest, but he was arrested once again in August of 1996.

¶2. Upon returning to jail, McCune escaped once again, and he was later found and extradited from Texas. McCune was tried and convicted for the 1996 jail escape and sentenced to five years in prison, with two of those years suspended. McCune appeals to this Court.

   **I. Whether the weight of all the evidence supports a conviction of jail escape.**

¶3. McCune's primary argument on appeal is that, due to alleged police and prosecutorial misconduct in failing to timely serve the 1992 arrest warrants and/or obtain an indictment against him, he was not in "lawful custody" in the Jones County jail at the time of his escape in 1996. McCune argues that he should have accordingly been entitled to a directed verdict on the escape charge.

¶4. McCune's attorney stated in his opening statement before the jury that:

> Now I want y'all to imagine somebody just picking you up and taking you to jail for something that you didn't do and that no one has pursued since 1992, and you feel like, well what am I doing here ? Why am I here ? I would try to leave. I guarantee you I would leave in a heartbeat, if they had me in jail for something I didn't do, and I could.

It is thus apparent that McCune's trial strategy was to concede that he had escaped from jail, but to argue that he should be acquitted due to the fact that his confinement was, supposedly, unlawful. This Court has held that "lawful custody" is required to sustain an escape conviction. *Miller v. State*, 492 So.2d 978, 981 (Miss. 1986).

¶5. McCune likely chose this strategy due to the fact that the evidence that he had in fact escaped from jail was overwhelming. It is undisputed that McCune was confined in the Jones County jail, and he offered neither testimony nor arguments to the jury that he left that facility with the express or implied permission of the jail officials. Officer Patrick Page testified that McCune and another inmate "went under the fence, where it is now clamped down. At the time it was not pinned and they went under the fence."

¶6. In the view of this Court, the fact that McCune conceded at trial that he had escaped from jail serves to narrow the scope of the issues in the present appeal. The primary issue in the present case deals with the question of law as to whether McCune was justified in escaping from jail due to his supposedly unlawful confinement, and the remaining issues are, to a large degree, moot. McCune alleges that his confinement was unlawful due to the fact that warrants were issued for his arrest on counts of aggravated assault and burglary in 1992 but that these warrants had still not been served as of 1996. McCune alleges that:

> The reality of the matter is, and the record indicates, that the police thought that Mr. McCune might have some knowledge concerning an unsolved crime in the Newton area, and they decided that they would "hold" Mr. McCune in hopes that he would be "pressured" into telling them what they wanted to know.

The State notes that, in *Brown v. State*, 552 So.2d 109, 111 (Miss. 1989)**,** this Court rejected defendant Brown's argument that he was not lawfully confined when he absconded from custody after a deputy mistakenly permitted him to go home for a couple of hours. *Brown*, 552 So.2d at 110. In rejecting Brown's argument, this Court in *Brown* approvingly cited *State v. Fulkerson*, 300 So.2d 276, 278 (Fla. App. 1974) for the proposition that:

> The better reasoned opinions appear to hold that where one is imprisoned under some color of law, he is not entitled to resort to self-help but must apply for his release through regular legal channels. The possibility of violence incident to a prison break dictates strongly against any other rule.

*Brown*, 552 So.2d at 110.

¶7. Brown acknowledges the adverse authority in *Brown*, but urges that this Court not apply the *Brown*

holding to the present case:

> It is true that this Court has held in cases such as ***Brown*** that a defendant should use the court system instead of self help. But I plead with the Court not to jump to that conclusion here. With all due respect to each of you reading this brief, I believe that a jump to such a conclusion ignores the issue of whether or not the incarceration was legal.

McCune's pleas notwithstanding, the present case presents a straightforward case of a jail escape, and McCune's incarceration at the Jones County Jail was, without question, under "color of law."

¶8. McCune' counsel represented to the jury that, in light of the procedural irregularities in the present case, he could have easily prevailed on a habeas corpus motion if such a motion had been filed. Assuming, arguendo, that the Jones County DA and/or police did not handle McCune's case appropriately and that he should not have been incarcerated at the time of his escape, then the proper course of action for McCune was, in fact, to file a motion for habeas corpus relief instead of slipping under the fence at the Jones County jail. This Court concludes that, as a matter of law and public policy, we can not endorse the actions of McCune in choosing to address his legal predicament by choosing to escape. If nothing else, the act of escape poses a serious risk of physical harm to the escapee and to the community, and the law provides a number of lawful remedies for the grievances which McCune raises in the present appeal. This point of error is without merit.

### II. Whether the trial court committed reversible error when it failed to grant proposed jury instruction "D-9."

¶9. Also without merit is McCune's assertion that the trial court erred in denying his proposed instruction D-9, which stated that the jury was to find McCune not guilty if they found from the evidence that he was not legally detained in the Jones County Jail. McCune was not entitled to an instruction without a foundation in the evidence, and the trial court did not err in denying this instruction. Further, it is noteworthy that instruction D-9, which was granted by the trial court, stated that the jury was to find McCune guilty only if it found beyond a reasonable doubt that McCune escaped "while in legal custody of the Sheriff of Jones County." There is no indication that the jury was improperly instructed in the present case, and this point of error is without merit.

### III. Whether the trial judge committed reversible error by allowing the State's witnesses to testify, over objection, regarding a burglary warrant against the defendant when there was no mention of said warrant in the indictment.

### IV. Whether the district attorney was guilty of prosecutorial misconduct by mentioning before the jury that the defendant had a warrant for burglary against him and whether the court committed reversible error by not sustaining the defendant's objection to those comments.

### V. Whether the district attorney committed prosecutorial misconduct by eliciting statements from its witnesses that the defendant had previously escaped from the Newton City Jail even though he has never been charged or indicted with such an offense; and whether or not the judge committed reversible error when he ruled, over objection, that the elicited material was foundational in nature.

¶10. McCune argues that the prosecution prejudiced his defense by eliciting testimony that he had previously escaped from jail in 1994. McCune asserts that this testimony had no probative value as to his guilt on the 1996 escape, and he argues that the testimony constituted improper evidence of prior "bad acts" under Mississippi Rules of Evidence 404(b). This Court concludes that this issue is largely moot in light of McCune's decision to concede that he had escaped from jail but to argue that his confinement was unlawful. McCune's counsel conceded before the jury on summation that:

> I'm not going to get up here and tell you that he didn't leave. That would be ludicrous. They found him in Texas.

Further, the State submits that it sought to introduce the evidence of McCune's 1994 escape in order to help explain why the 1992 arrest warrants had not been served as of 1996, and in so doing, to rebut McCune's defense that his confinement was unlawful. McCune had clearly indicated in his opening statement that his defense would be that his confinement was unlawful, and this Court agrees with the State that the evidence of the 1994 escape was relevant to help explain why the 1992 warrants had not been served four years later. In addition, the trial judge expressly asked the jury whether they could disregard the evidence of the 1994 escape for purposes of determining whether McCune was guilty of the 1996 escape, and the jurors answered in the affirmative. This point of error is without merit.

¶11. McCune also contends that the trial court committed reversible error in permitting the prosecution to mention the 1992 arrest warrant for burglary when his indictment on the escape charge only stated that he had been jailed pursuant to a warrant for assault. As with the evidence relating to the prior escape, this evidence was, in the view of this Court, relevant to explaining the circumstances of McCune's confinement in 1996. Moreover, even assuming, arguendo, that the trial court committed any error in this regard, it is nevertheless apparent that any such error is harmless in light of the fact that McCune conceded that he had escaped from jail. McCune elected to proceed to trial under a legal defense without a basis in the law, and the jury's verdict of "guilty" on the escape charge is affirmed.

¶12. **CONVICTION OF ESCAPE FROM JAIL AND SENTENCED TO SERVE A TERM OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO (2) YEARS SUSPENDED, LEAVING THREE (3) YEARS TO SERVE AND AFTER RELEASE PLACED ON SUPERVISED PROBATION FOR TWO (2) YEARS AFFIRMED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**