778 So.2d 149 (2000)
Tyrone KELLY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00504-COA.
Court of Appeals of Mississippi.
November 21, 2000.
Rehearing Denied February 13, 2001.
*150 S. Monique Brooks Montgomery, Columbus, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Jackson, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. The defendant was convicted by a jury of rape. He raises four appellate issues: (1) that a continuance was improperly denied; (2) venue was never proved; (3) no cautionary instruction was given regarding accomplice testimony; and (4) the verdict was against the overwhelming weight of the evidence. Finding no merit to the assignments of error, we affirm.

STATEMENT OF FACTS
¶ 2. On January 13, 1998, the victim, a 16 year old girl, finished a visit at her boyfriend's house and walked to a payphone. She called Theotis Reese, a co-defendant in this case, to pick her up and take her home. Instead, Reese drove the victim to a house trailer owned by the sister of another co-defendant in this case. Tyrone Kelly and two other co-defendants arrived at the trailer. The victim testified that she decided to leave the trailer because Reese was acting "crazy." She testified that he told her that he would not take her home until she had sex with all of them.
¶ 3. Outside the trailer she encountered Fredrick Reese, who offered to give her a ride. The victim and Fredrick Reese began walking toward his mother's house to get the car when Theotis Reese blocked their path with his car. The victim alleges that she got in the car with Theotis Reese out of fear because he told her "warning comes before destruction." Fredrick Reese testified that the victim was told by Theotis Reese to get in the car or he would blow her head off. Both the victim and Fredrick Reese testified that Theotis Reese had a gun.
¶ 4. After other stops and changes of cars and passengers, the victim again got into an automobile with Theotis Reese. The defendant Kelly and other two co-defendants followed in a different car. The victim testified that Theotis Reese *151 stopped the car and instructed her to get in the back seat with him, which she did. While the victim and Theotis were in the back seat, Tyrone Kelly and two others got into the car. The victim testified that all four teenage boys began taking her clothes off. She stated that she was then raped, first by Theotis Reese then by Tyrone Kelly. The other two tried to have sex with her but were unsuccessful.
¶ 5. Tyrone Kelly and Theotis Reese testified that the victim had consensual sex with them and that she never resisted their efforts. They claimed that the victim only resisted having sex with a third teenager. The fourth boy testified that while the victim never screamed, that she did resist and wanted to get out of the car. After the incident was over, Theotis Reese took the victim home. She told her mother about the attack, and they reported it to the police that same night.
¶ 6. Tyrone Kelly was indicted for rape in April of 1998. The first trial setting was for July 21, 1998, but the case was continued until October 1998. Kelly was then granted a continuance until January 20, 1999. The order stated that the reason for the continuance was that Kelly was a State's witness. At the January trial date defense counsel claimed that she had been unfairly surprised and did not have time to prepare a proper defense because the State had informed defense counsel only days before trial that Tyrone Kelly would not be a State's witness. The court denied a requested continuance. Kelly was found guilty and appeals here.

DISCUSSION

I. Kelly's Motions for Continuance
¶ 7. The defense made an oral motion for continuance on January 19, 1999, which was denied. The following day, on the first day of trial, the defense filed a written motion for a continuance, which was also denied. Kelly raises three issues in support of his request that this Court find that the trial judge abused his discretion in denying his motion for a continuance.
¶ 8. The first issue is that the defense was unfairly surprised by the State's deciding not to use Kelly as one of its witness against other attackers. Notification of that decision occurred only days before trial. Kelly was named as a State's witness on an October 1998 order of continuance. That order, continuing the case until January 1999, was signed by a different assistant district attorney than the one who conducted Kelly's trial.
¶ 9. The trial judge expressed concern for the confusion that can result from the district attorney's office changing attorneys on a case. He noted that it was especially confusing for defense counsel when one district attorney signs a continuance order naming a defendant as a State's witness, then on the next term of court another assistant district attorney takes over and does not know what the previous assistant has done.
¶ 10. Defense counsel stated that the continuance was necessary so that she could interview the State's witness, Fredrick Reese. The trial judge allowed counsel to interview Reese before the State called him as a witness. Counsel indicated to the court that after questioning Reese, she would be ready to proceed. The court asked if having the opportunity to interview Reese would eliminate any prejudice to the defense, and counsel answered affirmatively.
¶ 11. We find that counsel's explicit statement to the court that the interview of the witness removed the prejudice of proceeding with the trial ends the appellate issue. The court determined that the State's actions had understandably surprised counsel and that some remedial measures were needed. Counsel stated that the interview of the one witness was sufficient to allow her to proceed. Thus there was no objection to proceeding with the trial, and nothing for us to review.
*152 ¶ 12. The next continuance issue regarding Fredrick Reese is that his being called as a witness constituted a discovery violation. Kelly's attorney contends that she had insufficient time in which to find a rebuttal witness and explore the background. As an alleged discovery violation, the calling of Reese was subject to this procedural rule:
If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows: 1) Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and; 2) If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice... exclude the evidence or grant a continuance.
URCCC 9.04. This rule reveals that once an opportunity to examine the new evidence has been given, a defendant must claim that more time is still needed and request a continuance. Failure to make that request waives the issue. Cavett v. State, 717 So.2d 722, 727 (Miss.1998).
¶ 13. The trial judge allowed defense counsel the opportunity to interview Reese during the noon recess on the first day of trial. After concluding the interview, defense counsel did not claim undue surprise or prejudice, nor did she seek a continuance or a mistrial. No error occurred.
¶ 14. The final continuance issue is that the trial judge abused his discretion by denying the continuance primarily in order to keep his docket moving. He stated in his discussion of the issue a concern that he had many other cases to try. Regardless of those comments, and without addressing their propriety, those concerns are academic since the defense counsel stated after interviewing Reese that no prejudice would result if the case went to trial at that time.
¶ 15. The decision to either grant or deny a continuance is left to the sound discretion of the trial court. Johnson v. State, 631 So.2d 185, 189 (Miss.1994). We find no injustice to Kelly in permitting this trial to proceed once the objection to doing so was withdrawn.

II. Venue
¶ 16. The appellant argues that the State failed to prove that the crime occurred in Clay County. There was uncertainty expressed by some of the witnesses regarding the county boundary, which was relatively close to the scene of the crime. The issue was first raised in a motion for directed verdict after the State had rested, but that was denied. When Kelly proceeded to put on his own witnesses, the denial of that specific motion was waived as an appellate issue. Wetz v. State, 503 So.2d 803, 807 (Miss.1987). Instead, if later motions on the same sufficiency question are made, we examine on appeal the array of evidence that existed at the time of the final motion. Here, that issue was renewed in a motion for a judgment notwithstanding the verdict. We therefore review all the evidence that was introduced at trial, since the last motion to raise the issue was in after the trial.
¶ 17. The State's last witness was Officer Rodney Carusoe, who investigated the charges. Carusoe testified that as a result of his investigation he could say that the crime occurred within Clay County. That other witnesses were not so certain does not remove the ability of the jury to determine that Carusoe's testimony was reliable.

III. Accomplice Cautionary Instruction
¶ 18. No cautionary instruction was given the jury regarding testimony by an accomplice. Two co-defendants testified *153 against Kelly. It is true that a jury may be told that it should regard the testimony of co-conspirators with great caution. Derden v. State, 522 So.2d 752, 754 (Miss.1988). Nonetheless, the granting of a cautionary instruction with regard to accomplice testimony is discretionary with the trial court. Wheeler v. State, 560 So.2d 171, 172 (Miss.1990). Here, no request for the instruction was made.
¶ 19. We are referred to a precedent that the trial court should grant a limiting instruction even when one is not requested when prior convictions are used for impeachment. Peterson v. State, 518 So.2d 632 (Miss.1987). That precedent remains controlling authority, but a similar rule has never been adopted for instructing jurors about the testimony of accomplices. We do not find similar risks to an accused in the two situations. We will not create the legal precedent that Kelly seeks.

IV. Weight of the Evidence
¶ 20. Finally, Kelly argues that there was no evidence of a lack of consent by the victim. It is the jury's responsibility to weigh conflicting evidence and resolve conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). There was evidence from the victim that she resisted and that she thought at least one of her attackers had a gun. Fredrick Reese also testified about a gun. The weight of the evidence was not contrary to this verdict.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF RAPE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT PAROLE, EARLY RELEASE OR GOOD TIME CREDITS IS AFFIRMED. ALL COSTS ARE ASSESSED TO CLAY COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.