800 So.2d 535 (2001)
James Earl SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01250-COA.
Court of Appeals of Mississippi.
November 13, 2001.
*537 Raymond M. Baum, Winona, for Appellant.
Office of the Attorney General by Deirdre McCrory, for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Smith was convicted in the Circuit Court of Carroll County on the charge of escape in violation of Miss.Code Ann. § 97-9-49 (Rev. 2000) and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment, Smith now appeals the trial court's denial of his motion for JNOV or new trial, the denial of one of his jury instructions and he claims he received an illegal sentence.

FACTS
¶ 2. James Earl Smith was arrested on aggravated assault and burglary charges pursuant to a warrant. He was incarcerated in the Carroll Montgomery Regional Correctional Facility. While returning a group of inmates to the county jail after breakfast one morning, Officer Jorden saw Smith exiting the jail through the "sallyport gate." Officer Jorden called to Smith to stop but Smith did not. A search was conducted on foot on I 55 but to no avail. U.S. marshals assisted in capturing Smith in Monroe, Louisiana.
¶ 3. Smith testified that he paid another guard to leave the gate open. He said he wanted to escape because he was being held in isolation. The guard in question rebutted Smith's accusation that he had accepted a bribe and further stated that inmates were unable to carry money on their person. The accusations against the guard were never substantiated.

STANDARD OF REVIEW
¶ 4. For review of a judgment notwithstanding the verdict or in the alternative a new trial, our procedure is well settled.
The standard for reviewing denial of a new trial goes to the weight of the evidence and the standard for reviewing the denial of a JNOV is whether or not the evidence was sufficient to warrant such and whether fair-minded jurors could have arrived at the same verdict. The standard for a JNOV is not whether it was against the overwhelming weight of the evidence.
White v. State, 761 So.2d 221, 224 (¶ 10) (Miss.Ct.App.2000). Furthermore, [t]o discern that the jury verdict is against the weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Crawford v. State, 754 So.2d 1211, 1222 (¶ 30) (Miss.2000), citing Collier v. State, 711 So.2d 458, 461 (Miss.1998). In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice'" Crawford, 754 So.2d at 1222 (¶ 30), citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); see also Herring v. State, 691 So.2d 948, 957 (Miss.1997).
¶ 5. If a claim of unconscionable injustice is raised then, "[i]n reviewing this claim, this Court must accept as true the evidence favorable to the State." Wetz v. State, 503 So.2d 803, 812 (Miss.1987). The jury weighs the credibility of each witness when considering conflicting testimony. *538 Turner v. State, 726 So.2d 117, 125 (¶ 29) (Miss.1998); see also Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979)(holding that the question of witness credibility is one to be resolved by the jury).

1. Denial of JNOV and/or new trial
¶ 6. Smith's first contention is that he was illegally held and that the State cannot prove his incarceration was legal thereby negating his conviction. The State was required to prove that Smith was held due to his arrest on felony charges which made his leaving the jail an escape under Mississippi law. Miss.Code Ann. § 97-9-49(1) (Rev. 2000) provides:
(1) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the state of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence....
¶ 7. Testimony was presented by the State from the arresting officer, Deputy Chuck McIntyre. Deputy McIntyre testified that he arrested Smith pursuant to a valid warrant and incarcerated Smith in the Carroll-Montgomery Regional Correctional Facility. Lawful custody is required to sustain a conviction on escape. McCune v. State, 736 So.2d 378, 379 (¶ 4) (Miss.1999), citing Miller v. State, 492 So.2d 978, 981 (Miss.1986).
¶ 8. The McCune court cited Brown v. State, 552 So.2d 109, 110 (Miss.1989), in outlining the rejection of an argument like the one presented in this case. It stated:
The better reasoned opinions appear to hold that where one is imprisoned under some color of law, he is not entitled to resort to self-help but must apply for his release through regular legal channels. The possibility of violence incident to a prison break dictates strongly against any other rule.
McCune, 736 So.2d at 379 (¶ 6).
¶ 9. Following the wisdom of the McCune court, which found the incarceration legal because arrest warrants had been issued, we find the same in this instance. Warrants were issued for Smith's arrest on the charges of burglary and aggravated assault. The arrests were carried out and Smith was incarcerated. He participated in his preliminary hearings and was appointed counsel for representation on both offenses. Bond was set. However, Smith was unable to make bond and therefore was still incarcerated. "[T]he present case presents a straight forward case of jail escape, and ... [Smith's] incarceration was, without question, under `color of law.'" Id. at 380 (¶ 8). Smith had an attorney and should have used lawfully prescribed methods to free himself.
¶ 10. Reviewing all of the above facts with the standards for JNOV and new trial in mind, we find no error. The prosecution presented enough evidence to reach its burden and it is clear that the hypothetical "fair minded juror" could have reached the same verdict. In addition, we fail to see where an unconscionable injustice has occurred because of this verdict. Smith has provided no proof suggesting abuse of discretion by the lower court.

2. Denial of Instruction D-4
¶ 11. Smith's second contention involves the trial court's denial of defense instruction D-4. In addition to his defense *539 that he bribed a guard, his other theory was that he was entrusted by a guard to leave the premises and should have been allowed a lesser-included offense instruction for willfully failing to return to jail. As such Smith's defense equals his bribing a guard in order to be entrusted by the guard to lawfully leave the premises. Our statute provides that:
(2)Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who wilfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be considered an escapee and may be punished by the addition of not exceeding six (6) months to his original sentence.
Miss.Code Ann. § 97-9-49(2) (Rev. 2000).
¶ 12. As the judge in the lower court stated, the facts of this case do not lend themselves to Smith's argument. Smith himself testified that he bribed the guard. Regardless of the fact that this was never proven, this is Smith's defense. He cannot now claim that he has been wrongfully convicted for escape if his actions and defense of those actions were clearly those of someone trying to escape.
¶ 13. In addressing the denial of Defendant's Instruction No. 4, we employ a well-settled standard. To reverse the denial of a lesser-included offense instruction, it must be clear that no reasonable jury could find the defendant guilty of anything less than the prime offense. The trial court and this Court must review the evidence in a light most favorable to the accused and consider all reasonable favorable inferences which may be drawn in favor of the accused. Turner v. State, 732 So.2d 937, 949 (¶ 44) (Miss.1999), citing Mease v. State, 539 So.2d 1324, 1330 (Miss. 1989).
¶ 14. In the case Hester v. State, 602 So.2d 869 (Miss.1992), the Mississippi Supreme Court stated that:
[e]ven though based on meager evidence and highly unlikely, a defendant is entitled to have every legal defense he asserts to be submitted as a factual issue for determination by the jury under proper instruction of the court. Where a defendant's proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of the case, refusal to grant it constitutes reversible error.
Id. at 872.
¶ 15. We now review Defense Instruction No. 4, which reads as follows:
The Court instructs the jury that the express or implied permission of a jail official instructing the defendant, James Earl Smith, that he could leave the facility is a lawful defense to a charge of escape. In other words, if you believe that a jail guard or other official of the Carroll Montgomery Regional Correctional Facility gave James Earl Smith either express or implied permission to depart from the jail, you shall find him Not Guilty of Escape, and you may then proceed to determine if said James Earl Smith is guilty of the charge of Wilful Failure to Return to Jail After Being Entrusted to Leave.
If you find from all of the evidence in this case, that James Earl Smith was entrusted to leave the Carroll Montgomery Regional Correctional Facility by a jail guard or other official, and that he did not return within any specified time, then you may find him Guilty of Wilful Failure to Return to Jail After Being Entrusted to Leave.
If the State has failed to prove any of the necessary elements of this charge beyond a reasonable doubt, then you shall find James Earl Smith Not Guilty.
*540 ¶ 16. When the judge denied jury instruction D-4, his reasoning was that, "[t]he facts of this case do not support that instruction. It is not the law that you can bribe a guard to let you go and then claim that you had lawful permission to leave." Smith's proffered jury instruction was denied by the trial court because it did not follow the facts of the case nor the intent of the statute. He was not a trusty; he had been in isolation. An accused is entitled to a lesser-included offense instruction when "there is an evidentiary basis in the record." Hester, 602 So.2d at 872. In addition, we review jury instructions taken as a whole not individually out of context. Austin v. State, 784 So.2d 186, 192 (¶ 18) (Miss.2001). Upon review of the other instructions, we find that no error was committed by the denial of this jury instruction.

3. Illegal Sentence
¶ 17. Smith's third assertion involves the language of Miss.Code Ann. § 97-9-49(1) (Rev. 2000) in which he focuses on the phrase "to commence at the expiration of his former sentence." His reasoning here is that he has been convicted of no crime (as of yet) and therefore has no "former sentence" upon which to attach this sentence, and therefore this sentence is illegal. The State points out quite aptly that this notion is silly and that the intent here is to deter escape from jail. If this Court were to follow Smith's notion, those escaping from jail would face no consequences from that action. "Although criminal statutes must be strictly construed in favor of the accused, we will not adopt an interpretation that is absurd or unreasonable." Lewis v. State, 765 So.2d 493, 499 (¶ 25) (Miss.2000).
¶ 18. In conclusion, we have held that in criminal appeals, a presumption of correctness attaches to any ruling by the trial court. Carr v. State, 770 So.2d 1025, 1027 (¶ 7) (Miss.Ct.App.2000). Smith has provided nothing in which we can find error. His conviction is affirmed.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLL COUNTY OF CONVICTION OF ESCAPE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., concur.