823 So.2d 617 (2002)
Terry EVANS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-02018-COA.
Court of Appeals of Mississippi.
August 6, 2002.
*618 Billy Joe Gilmore, Lexington, attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, attorney for Appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
KING, P.J., for the court.
¶ 1. Terry Evans was convicted of possession of methamphetamine and marijuana by the Holmes County Circuit Court. Aggrieved by that conviction Evans has appealed and presented six issues for this Court's review.
¶ 2. These issues may be stated as follows: (1) the failure of the trial court to exclude allegedly improperly seized evidence, (2) the failure of the trial court to allow an interlocutory appeal on the failure to suppress evidence, (3) the failure of the trial court to dismiss the charge, when the State allegedly did not prove its case beyond a reasonable doubt, and (4) the allegedly *619 repeated prejudicial remarks of the prosecutor.
¶ 3. Finding no reversible error, this Court affirms Evans' convictions and sentences.

FACTS
¶ 4. Evans was a commercial truck driver. According to Evans, he and Debra Smith were leaving Ontario, California, headed east. They were accompanied by a hitchhiker named "Cindy".
¶ 5. According to Evans, as they neared Monroe, Louisiana, he became aware that Cindy had illegal drugs in her luggage. Upon his arrival at a truck stop in Jackson, Mississippi, Evans claims to have evicted Cindy from his truck, because he did not allow illegal drugs in it.
¶ 6. Evans and Ms. Smith ate at the truck stop and then headed north on Interstate 55.
¶ 7. Officer Bruce Gresham, of the Mississippi Public Service Commission, was doing random stops and safety inspections of commercial vehicles in Holmes County. Evans was among the persons stopped by Gresham. Evans was requested to exit the vehicle and produce his log book.
¶ 8. Upon presentation of the book, Gresham noticed that Evans had failed to make entries in his book for several days. Gresham then inquired whether Smith was authorized to ride as a passenger in the truck, and requested permission to search the truck.
¶ 9. When Evans refused to give written consent to search the truck, Gresham ordered Evans and Smith out of the truck, and placed Evans under arrest for failure to properly maintain his log book.
¶ 10. After the arrest Evans and Smith were frisked for weapons, after which Gresham searched the seat area of the truck cab. He allowed Smith to return to the passenger seat, and then searched the sleeping area of the cab. There he discovered a blue zippered bag, which upon being opened contained what Gresham believed to be marijuana.
¶ 11. Evans and Smith were then placed in the patrol car, and given the Miranda warnings. Ms. Smith stated that she had an "eight ball of crank"[1] in her purse which had been purchased at the Jackson truck stop.
¶ 12. Evans denied knowledge of any of the drugs.

ISSUES ON APPEAL AND ANALYSIS

1. Failure to suppress evidence.

¶ 13. Evans argues that the search of his vehicle cab and seizure of the illegal drugs therein was impermissible. He contends that the search and seizure were beyond the scope of an officer's search incident to an arrest, or a protective search because the blue bag was neither in plain view nor within his arm's reach.
¶ 14. The warrantless search and seizure of personal property by law enforcement officers is prohibited by the Fourth Amendment to the United States Constitution, and Art. 3, Section 23 of the Mississippi Constitution of 1890. There are exceptions to this rule. An officer may conduct a warrantless search (1) if granted permission, Loper v. State, 330 So.2d 265, 266 (Miss.1976), (2) under exigent circumstances, if probable cause exists, Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and (3) of a vehicle when making a lawful contemporaneous arrest. New York v. Belton, 453 *620 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
¶ 15. The right to search incident to a lawful arrest extends to any container, opened or unopened within the arrestee's immediate control. Rankin v. State, 636 So.2d 652, 657 (Miss.1994).
¶ 16. At the suppression hearing, Officer Gresham testified:
I got him out of the truck, walked him around there, had him empty his pockets out, make sure there's no weapons, patted him down. I had Mrs. Smith empty her pockets out and pull her clothing tight in places I didn't want to touch and made sure she didn't have any weapons. I told them to stand where I could see them. At this point, he's under arrest. The search on the vehicle incident to an arrest, make sure there's no weapons or anything there. I get up in front, looked, didn't see anything. On the back sleeper birth [sic], I saw a small blue bag with Looney Tunes on it, picked it up, unzipped it, and I saw a green leafy substance that I believed to be marijuana.
Well, after I searched the frontlet me go back. It was cold that day.... Both of these people had on shirts and they were about to freeze. So I felt like I could let them sit up there in the seats because you can'tin that particular style 18 wheeler, you can't really stand up in the cab.... So, I told them they could come sit inside the warm, because it was bitterly cold. And after I got them seated, I sat down on the bed and that's when I found the little blue plastic zipper bag, Looney Tunes on it, and inside I foundI just looked at it and it was a green leafy substance that appeared to be marijuana and some small plastic baggies.
¶ 17. The trial court then ruled:
The Court finds that in that Mr. Evansa Class A license, that he was subject to the random check and therefore, the stop was legal. The Court also finds that the arrest of Mr. Evans that the officer had probable cause for the arrest.
The question is whether or not there was probable cause for the search. The court finds from the testimony of the officer that consent, once he was requested to give written consent, the consent to search was withdrawn. However, the searchthe consent to search by Ms. Smith was not withdrawn. Therefore, the Court finds that the search was not a consensual search as it relates to Mr. Evans.
Whether or not the officer had a right to search incident to arrest, in thatMr. Evans had been taken from the truck at that point, the Court finds that the officer was not in any danger of Mr. Evans grabbing a weapon or anything which is the reasons for the search incident to arrest.
Another question, whether or not it was reasonable for the officer to place the defendants, Mr. Evans and Mrs. [Smith] back into the truck and by placing them back into the truck if he thenif a search incident to arrest became necessary at that point.
Based on the circumstances and the testimony of the officer about the conditions and how they were dressed as to why he placed them back into the truck, he was there by himself with no other officers there, as opposed to placing them back into the truck or in his car, whether that was reasonable. The Court finds that under the circumstances that [it] was reasonable to place them back into the truck and, therefore, the search at that point incident to the arrest became necessary to search the sleeper area of the truck, and therefore, *621 the items found at that point, the Court finds cannot be suppressed.
¶ 18. In reviewing the denial of a motion to suppress, this Court looks to determine whether the trial court's findings, considering the totality of the circumstances, are supported by substantial credible evidence. Where supported by substantial credible evidence, this Court will not disturb those findings. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App. 1999).
¶ 19. Officer Gresham's testimony provided a substantial and credible basis for the trial court's denial of the suppression motion.

2. Failure to allow an Interlocutory appeal

¶ 20. After the trial court declined to suppress the drug evidence, Evans requested a continuance to pursue an interlocutory appeal. This request was denied. He now argues that that denial was error.
¶ 21. As noted by the State, the decision to grant or deny a continuance is left to the sound discretion of the trial court. Kelly v. State, 778 So.2d 149(¶ 15) (Miss.Ct.App.2000). Unless that discretion has been abused, this Court will not reverse the trial court's decision. Gooden v. State, 806 So.2d 322(¶ 5) (Miss.Ct.App. 2001).
¶ 22. Evans has failed to demonstrate that the denial of his motion was an abuse of discretion.

3. Failure to dismiss

¶ 23. Evans argues that the State failed to prove beyond a reasonable doubt that he had knowledge and possession of the drugs found in his vehicle. This argument is unsupported by any authority and appears to be, at best, a request to have this Court determine the weight and credibility to be accorded testimony. This Court declines to do so, as that is a matter within the province of the trier of fact, the jury. Smith v. State, 800 So.2d 535(¶ 5) (Miss.Ct.App.2001). Unless this Court is convinced that the decision of the jury was not supported by substantial credible evidence, and to allow it to stand would sanction an unconscionable injustice, it will not set aside a jury verdict. Id. at (¶ 4).
¶ 24. The record clearly contains substantial and credible evidence upon which the jury, could, and did find Evans guilty. This Court sees no reason to disturb that decision.

4. Prejudicial remarks by the prosecutor

¶ 25. Evans also uses this issue to argue the weight and credibility accorded testimony. That again is a matter for the trier of fact, and this Court declines to interfere with it.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY OF CONVICTION OF COUNT I, POSSESSION OF METHAMPHETAMINE AND SENTENCE OF TEN YEARS, SEVEN YEARS SUSPENDED AND CONVICTION OF COUNT II, POSSESSION OF MARIJUANA, MORE THAN ONE OUNCE, AND SENTENCE OF THREE YEARS TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I, AND SAID SENTENCES TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, *622 CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE OPINION.
NOTES
[1] "Crank" is the street name for a type of methamphetamine.