LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. The incident in question took place at the Parchman prison on or about May 9, 2000. On that date, inmate Glen Rice was watching television, and inmate Wendell Hill and others were playing cards in a recreational room at the prison. Rice asked Hill to relocate his card game, since he and the others were blocking his view of the television. Hill and Rice exchanged angry words then Hill left. Shortly thereafter, Hill returned with five other inmates, including Miller, all of whom were known to be members of the “Black Gang *612 ster Disciples.” Miller and Ms cohorts attacked Rice and as a group kicked Rice and forced him into a cell and continued hitting, kicMng, and beating him. Rice was hospitalized for two weeks after the attack, having suffered a broken hand and lacerations on his head.
¶ 2. On June 22, 2001, a Sunflower County Circuit Court jury convicted Miller of aggravated assault, and he was sentenced to serve five years to run consecutively to time he was already serving. Miller moved for a directed verdict at the close of the State’s case-in-chief, but the motion was denied. Thereafter he filed a motion for judgment notwithstanding the verdict, which was also denied. On appeal to this Court, Miller argues that the weight of the evidence did not support the verdict. We review the argument presented and find no merit. Thus, we affirm.
DISCUSSION
I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 3. Miller’s sole issue on appeal concerns whether the weight of the evidence supported the verdict.
The standard for reviewing denial of a new trial goes to the weight of the evidence .... Furthermore, [t]o discern that the jury verdict is against the weight of the evidence, we must “accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” In order to mandate a new trial, the verdict must be “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction ‘unconscionable injustice.’ ”
Smith v. State, 800 So.2d 535 (¶ 4) (Miss.Ct.App.2001) (citations omitted). Miller concedes that an aggravated assault took place. However, he maintains that he was a mere bystander and was not a participant. The evidence points to the contrary.
¶ 4. Inmates James Ulmer, Ernest Allen and Willie Gaines were eyewitnesses to the incident. Each of them testified that Miller participated in dragging Rice into the cell and also testified that Miller joined in beating and stomping Rice. Additionally, the inmates testified that they did not see Rice with a weapon, as Miller claimed, and they did not see Miller try to break up the fight at any time. Rice, the victim, testified that Miller was an active participant in the attack. Whether or not these testimonies were truthful concerns the credibility of each witness, which is an issue for the jury to determine. Collins v. State, 757 So.2d 335(¶ 6) (Miss.Ct.App.2000). Viewing the evidence, including testimonies of Rice and the three eyewitnesses, in a light favorable to the verdict, we find that the verdict is not contrary to the weight of the evidence such that to allow it to stand would result in an unconscionable injustice. We find no merit to this issue.
¶ 5. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SAID SENTENCE TO RUN CONSECUTIVELY TO TIME PRESENTLY BEING SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.