883 So.2d 145 (2004)
Kenneth Wayne DUNLAP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00393-COA.
Court of Appeals of Mississippi.
September 28, 2004.
*146 Eileen M. Maher, Natchez, attorney for appellant.
Office of the Attorney General by Charles W. Maris, Jr., attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Kenneth Wayne Dunlap was convicted by a jury for the sale of cocaine, a schedule II controlled substance, in violation of Mississippi Code Annotated Section 41-29-139(a)(1) (Rev.2001). The Circuit Court of Adams County sentenced him, as a habitual offender, to serve thirty years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Dunlap raises the following issue on appeal.

ISSUE PRESENTED
I. Did the circuit court err by denying Dunlap's motion for a directed verdict and motion for a new trial because the jury verdict was against the overwhelming weight of the evidence?

STATEMENT OF FACTS
¶ 2. The record reflects that on January 16, 2002, Danny Britt, a confidential informant working with the Adams County Sheriff's Department, met officers at a pre-determined location to prepare for a drug purchase. Before Britt left to purchase drugs, he and his car were thoroughly searched for money and drugs by the police. Britt did not have any money or *147 drugs at that time. Britt's vehicle was equipped with video and audio recorders, and he was given money to purchase the controlled substances for police.
¶ 3. While driving through a neighborhood in Natchez, Mississippi, Britt spotted Dunlap whom he knew by last name only. According to Britt, he pulled his vehicle over and spoke with Dunlap. He asked Dunlap for $20 worth of crack cocaine. Dunlap asked Britt if he was associated with law enforcement. Britt said he was not. Dunlap told Britt to make the block. When Britt returned, he gave Dunlap $20 in exchange for the drugs. Shortly thereafter, Britt met police and gave them the drugs he purchased from Dunlap. The substance purchased from Dunlap was sent to the Mississippi State Crime Laboratory in Jackson and was determined to be cocaine.
¶ 4. On June 29, 2002, Dunlap was indicted by a grand jury as a habitual offender on one count of sale of a schedule II controlled substance, cocaine, within 1,500 feet of a school in violation of Mississippi Code Annotated Sections 41-29-139(a)(1) and 41-29-142 (Rev.2001). On November 20, 2002, Dunlap was convicted of sale of a controlled substance and sentenced as a habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections. Dunlap motioned the circuit court for a new trial which was denied. Dunlap timely perfected his appeal to this Court.

LEGAL ANALYSIS

I. DID THE CIRCUIT COURT ERR BY DENYING DUNLAP'S MOTION FOR A DIRECTED VERDICT AND MOTION FOR A NEW TRIAL BECAUSE THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 5. Dunlap raises an issue which encompasses two entirely different legal standards, a motion for directed verdict and a motion for a new trial. A motion for directed verdict challenges the sufficiency of the evidence. Grihim v. State, 760 So.2d 865, 866(¶ 6) (Miss.Ct.App.2000). However, a motion for a new trial falls within a lower standard of review than does a directed verdict. Whitten v. Cox, 799 So.2d 1, 12 (¶ 26) (Miss.2000). A new trial motion challenges the weight of the evidence. Id. Although Dunlap raises both standards on appeal, a review of the trial transcript reveals that Dunlap never motioned the trial court for a directed verdict. The only motions Dunlap made at trial were a motion for a mistrial and a motion to dismiss based on the State's failure to disclose the past criminal history of Britt, the confidential informant. As such, we will consider only Dunlap's post-trial motion for a new trial.
¶ 6. To discern whether the jury verdict is against the weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Smith v. State, 800 So.2d 535, 537(¶ 4) (Miss.Ct.App.2001) (quoting Crawford v. State, 754 So.2d 1211, 1222 (¶ 30) (Miss.2000)). In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice.'" Id. (quoting Crawford, 754 So.2d at 1222 (¶ 30)).
¶ 7. At trial, Dunlap's primary defense was that he knew Britt was an informant from seeing him at the jail, so Dunlap knew not to sell drugs to Britt. Dunlap admitted at trial that he approached Britt's car, as shown on the videotape, *148 but he denies ever making the sale. On appeal, Dunlap raises numerous arguments to support his contention that the circuit court erred by denying his motion for a new trial. All of the arguments relate to the credibility of certain witnesses. Dunlap contends that Britt lied to him about working for law enforcement which directly affects Britt's credibility. Both Dunlap and Britt testified that Dunlap asked Britt if he worked for law enforcement. Britt replied that he did not. Britt's actions were not improper. In Tanner v. State, 566 So.2d 1246, 1249 (Miss.1990), our supreme court stated, "Law enforcement must be allowed to use undercover agents who lie about their identity and their interests. We accept that these must rely on confidential informants for needed information, and that the authorities may pay these informants under arrangements which may provide incentives for abuse." (citing Williams v. State, 463 So.2d 1064, 1068-69 (Miss.1985)).
¶ 8. Dunlap also argues that Britt's credibility was questioned when he could not specifically identify the location of the sale. This contention by Dunlap is without merit. The trial transcript reveals that Britt testified that the sale occurred in the Maryland Heights subdivision of Natchez around 3:00 or 4:00 p.m. on January 16, 2002. Dunlap argues that Britt was discredited by admitting that he had a prior criminal record for obscene phone calls and marijuana possession. The final issue Dunlap raises regarding Britt's credibility is that Britt was paid by law enforcement to make drug sales. Britt testified that he was paid $120 for each sale he made.
¶ 9. Dunlap argues that Deputy Karl Pree was discredited by changing the date of the sale on the arrest warrant. Pree explained his oversight during his testimony. He stated that when he entered the information into his computer, he had the wrong date; however, his error was disclosed to the judge issuing the warrant and the matter was resolved. The warrant now shows the date of January 16, 2002, the date on which Pree and Britt testified the sale occurred. Dunlap testified that he approached Britt's car on November 23, 2001, not January 16, 2002.
¶ 10. The credibility of witnesses is a question of fact for the jury. Cousar v. State, 855 So.2d 993, 997 (¶ 11) (Miss.2003). The jury members are charged with weighing the conflicting evidence of witnesses and are permitted to resolve the conflicts they hear in the testimony. Kingston v. State, 846 So.2d 1023, 1026 (¶ 11) (Miss.2003). They may choose to believe or disbelieve, and accept or reject testimony of any witness. Conflicting testimony creates a factual dispute for the jury's resolution. Id.
¶ 11. The jury heard the testimony of Deputy Pree and Danny Britt who stated that on January 16, 2002, Dunlap sold cocaine to Britt. The videotape recorded from Britt's car was introduced into evidence. Dunlap admitted that he approached Britt's car, but denied the sale. Dunlap further admitted that was him on the videotape. The conflicting evidence was for the jury to resolve. Reviewing the above evidence and the appropriate standard of review for a new trial motion, we can find no error. In addition, we fail to see where an unconscionable injustice has occurred because of the verdict.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY OF CONVICTION OF SALE OF A SCHEDULE II CONTROLLED SUBSTANCE *149 AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.